ILLINOIS CENTRAL RAILROAD COMPANY, et al. *v.* RAGAN, et al.

No. 43454 April 5, 1965 173 So. 2d 433

336

*Wise, Smith & Carter,* Jackson; *Robert Mitten, William F. Bunn, Wence F. Cerne,* Chicago, Ill., for appellants.

*Roy N. Lee, James W. Lee,* Forest, for appellees.

JONES, J.

This is an action under the wrongful death statute for the death of Mrs. Alfred Harmon Ragan, Sr. The case was tried in the Circuit Court of Rankin County, Mississippi, where a verdict in favor of the plaintiffs in the amount of $75,000 was returned, and from which verdict the railroad company and engineer appeal. We are affirming the case provided a remittitur is entered; otherwise, it will be reversed and remanded for a new

trial on the question of damages alone. The question of liability is not argued here since the jury settled the question and there was ample evidence to sustain their verdict on liability, and it is therefore not necessary to discuss the facts of the occurrence.

██ █ Three assignments of error are argued here. The first involves the denying of a motion for a continuance on account of the absence of a witness for the appellant. This witness upon whom service of process had not been had was one who it was alleged would testify that she heard the whistle of a train blowing before it reached the crossing at which the accident occurred to which the railroad employees all testified. The circuit judge denied the application for a continuance and such application was not thereafter pursued. It was not alleged as error in the motion for a new trial and no other steps were taken regarding it. We cannot say that the circuit judge abused his discretion in denying the motion. *Brown-Miller Company v. Howell,* 224 Miss. 136, 79 So. 2d 818 (1955); *Ervin King v. State,* 168 So. 2d 637 (Miss. 1964).

██ █ The second assignment involves the giving of an instruction reading as follows:

The Court instructs the jury for the plaintiffs that on the occasion of the collision with the Ragan automobile on May 7, 1962, it was the duty of the defendants to cause the bell to be rung continuously or the whistle to be blown at repeated intervals on the locomotive for a distance of 300 yards before reaching the Brooks Avenue crossing, and, if you believe from a preponderance of the evidence in this case the defendants negligently failed to blow the whistle at repeated intervals and negligently failed to ring the bell on said locomotive continuously for a distance of 300 yards before reaching said Brooks Avenue crossing, and that the said locomotive struck and killed Mrs. Rose Ragan as she drove an automobile

south on Brooks Avenue over said crossing, and that such negligence, if any, proximately caused or contributed to the collision and death of Mrs. Rose Ragan, then it is your sworn duty to return a verdict for the plaintiffs.

We find no objection to this instruction and it has been approved in very similar form in *Gulf & S. I. R. Co. v. Simmons,* 150 Miss. 506, 117 So. 345 (1928).

The third assignment argued is that the amount of the verdict is so excessive as to evidence bias, prejudice and passion on the part of the jury.

 █ There is no case known to us from our court which puts either a floor or a ceiling upon the amount of a judgment rendered in a wrongful death case. There is no mathematical formula by which such damages can be ascertained. Each case must stand and depend upon its own facts. As stated in the case of *Illinois Central Railroad Co. v. Nelson,* 245 Miss. 395, 146 So. 2d 69, 73 (1962):

 █ "The cases are helpful only as general guides, for in the matter of damages each case must be reviewed on the basis of the particular facts involved, including the age of the deceased in a wrongful death action, his life expectancy, his anticipated earnings, the intensity and duration of suffering, the relationship between the deceased and his survivors, and matters of dependency. When this Court reviews the amount of damages it is important that two considerations be kept in mind. █ The law has placed in the hands of the jury the matter of measuring damages in cases tried in circuit court, and this Court may not rightfully substitute its judgment for that of the jury; and this Court will not disturb the jury verdict unless it evidences passion, prejudice, or bias. . . . The second important consideration is that when the amount of the verdict, when fairly and impartially reviewed, evidences passion, prejudice, or bias, or

when the award of the chancellor is manifestly wrong, it is the duty of this Court to reverse or order a remittitur. The duty and power of the court in this respect has been recognized and exercised throughout its history.

The same rule applies and is applied by this Court as to inadequate verdicts.

■■ ■ In the instant case the deceased was 52 years of age and had a life expectancy of 19.99 years. Her husband was 58 years of age and had a life expectancy of 15.77 years. She and her husband had been married 36 years and they had three children, all of whom were grown and married, the youngest being 31 years of age, the oldest 35 years of age. The children had left the watch care of the mother and were not dependent upon her for training or for care. The deceased was employed in a cafe and earned $30.00 per week. She was struck at night by a freight train in the town of Pelahatchie. She lived from 7:30 P.M., the time of the accident, until about 2:00 A.M. the following day, during which time she was never conscious, so there was no pain and suffering to be considered as an element of damages. There was no dependency involved. While they seemed to be a closely-knit family, living in the same town, the children were grown, married, away from home and had passed the time when they were in need of a mother's care. The husband himself was employed.

In view of the facts in this particular case we have given much consideration to the amount of the verdict and are convinced that the amount is excessive, so much so as to evidence bias, passion or prejudice, and that a remittitur should be entered. We therefore affirm the case provided that within fifteen days from the time the order herein becomes final the appellee enters in this Court a remittitur of $15,000, leaving the amount of the judgment $60,000. In the event the remittitur is not entered within the said time, the case will be reversed for retrial on the question of damages only.

Affirmed with remittitur. If remittitur not made, reversed and remanded for trial on the question of damages only.

*Gillespie, Rodgers, Brady and Patterson, JJ.*, concur.