BRADY, Justice.
This is the second time this case has been appealed to this Court. It is a continuation of legal proceedings originally instituted in the Circuit Court of Lauderdale County, Mississippi, by Mrs. Madeline IT. Espey and *877 her two minor children, the sole heirs at law of Harmon C. Espey, deceased, against Miller Transporters, Ltd., Dixie Highway Express, Inc., and C. L. Brown, to recover damages for the alleged wrongful death of Harmon C. Espey, husband and father of plaintiffs. In the first case, Miller Transporters, Ltd. v. Espey, 253 Miss. 439, 176 So.2d 249 (1965), a jury returned a verdict in the amount of $60,000 against all defendants. Miller and Dixie appealed, but Brown paid the sum of $5,000 into the registry of the court and did not appeal.
This Court entered judgment for the appellant, Dixie Highway Express, Inc., and reversed and remanded the case for another trial as to Miller Transporters, Ltd. Upon retrial, a verdict in the sum of $150,000, less the $5,000 paid by Brown, was obtained against Miller, and from this judgment it appeals.
A detailed analysis of the facts can be found in the previously reported opinion, and since the testimony in this case, although there is some variance, is substantially the same as that reported in the first case insofar as the questions of liability and damages are concerned, we do not deem a restatement of the facts necessary.
The assignments of error urged by the appellant which warrant discussion can be classified and consolidated into three basic assignments of error.
Appellant strongly contends that his rights were prejudiced by the improper introduction and submission of the mandate of this Court concerning the first trial to the jury for review. The mandate is as follows:
This cause having been submitted at a former day of this Term on the record herein from the Circuit Court of Lauder-dale County and this Court having sufficiently examined and considered the same and being of the opinion that there is error therein doth order and adjudge that the judgment of said Circuit Court rendered in this cause on the 20th day of June 1964 be and the same is hereby reversed and judgment is entered here on no liability against the appellant, Dixie Highway Express, Inc., and reversed and remanded for a new trial against the appellant, Miller Transporters, Ltd. It is further ordered and adjudged that the appellants do have and recover of and from the appellees all of the costs of this appeal to be taxed, for which let proper process issue.
We find no merit in this contention, since it was the appellant who opened this question by asking Brown if a judgment had not been obtained against him and if he had not paid $5,000 on that judgment. Here the appellant “opened the door” and was the first party to present to the jury the fact of the judgment against Brown and to bring its effect into issue. Attorneys for appellant, on cross-examination of Brown, asked:
Q. Now, Mr. Brown, there is a judgment against you in this case, is there not, in favor of Mrs. Madeline Espey and the children ?
A. Yes, sir.
Q. And there has been five thousand dollars paid by or for you on that judgment ?
A. Yes, sir.
BY MR. BEARD;
I believe that’s all.
The general rule is that opinions and mandates of appellate courts are not proper evidence in the retrial of a cause of action. This is so because the opinion or mandate may advise the jury or comment upon the evidence. Strong v. State, 199 Miss. 17, 27, 23 So.2d 750 (1945); 88 C.J.S. Trial § 179 at p. 349 (1955). However, in the instant case, the mandate does not review or comment on the evidence in the former trial, and under these circumstances we cannot say that permitting the mandate to be shown to the jury requires a reversal in this case. Strong v. State, supra.
*878 Appellant next contends that certain instructions granted to appellee are erroneous because they fail to take into account part of Mississippi Code Annotated section 8217 (1956), which excepts “[s]topping * * * when necessary to avoid conflict with other traffic.” However, the designated instructions, urged as erroneous, relate to the failure to give appropriate signals when stopping. We hold that this assignment of error is also without merit.
The third basic assignment of error is that the verdict is against the overwhelming weight of the evidence, that the jury did not respond to reason, and the verdict shows that the jury was influenced by passion and prejudice.
The issues of the case were properly submitted to the jury, and the record shows that there were medical, hospital and funeral expenses in the amount of $1,691.65; that over a period of sixty hours this man was conscious at times and was suffering, although he had received seventeen injections for relief of pain. Mr. Espey was forty-nine years of age and had a life expectancy of 24.45 years. The birth dates of his two minor children were September 9, 1952 and June 29, 1954; his wife’s birth date was October 26, 1918. His earnings, as reported on his income tax returns, were $2,402.42 in 1963, and $3,924.84 in 1962. In addition to this earned income, he had income from cattle sold in 1962 of $982.85, and in 1963, $961.51. The fact that his income was less in 1963 than in 1962 indicates that the income of the decedent was subject to variation. The income from the sale of cattle does not reflect with certainty the amount obtained as a return on the investment of the decedent or from his labor. As was stated in Illinois Central R. R. v. Ragan, 252 Miss. 335, 173 So.2d 433, 435 (1965), in regard to the amount of damages, “Each case must stand and depend upon its own facts.”
The proof of pain and suffering involved in this case is far less than that shown in Illinois Central R. R. v. Nelson, 245 Miss. 395, 146 So.2d 69, 148 So.2d 712, 4 A.L.R.3d 1217 (1962). In that case, wherein the jury returned a verdict for $150,000, the deceased was fifty years of age, had a life expectancy of 21.37 years, had an annual income of $2,980, and was survived by a forty-three year old partially dependent wife, a four year old dependent son, and three adult daughters who were not dependent. Medical expenses and other outlay amounted to $2,467.97. We noted from a computation of the damages that $120,000 of the jury award was for pain and suffering and loss of society and companionship. . Deceased had received burns over sixty-four percent of his body, with fifty percent of his body sustaining first degree burns. Appellee errs strangely,in his brief when he states that the deceased (Nelson) lived for fourteen days but was unconscious a substantial part of that time. The proof was that he suffered the agonies of the damned, living for fourteen days, during which he was conscious most of the time. We held that the award was so excessive as to evince bias, passion and prejudice, but indicated we would affirm the judgment if the appellees would enter a remittitur of $35,000, leaving a judgment of $115,000. The proof of pain and suffering in the instant case is obviously much less than that evidenced in the Nelson case where a substantial part of the award was for pain and suffering and loss of society and companionship.
However, here the proof of earnings, life expectancy, dependency, and suffering are greater than in the case of Illinois Central R. R. v. Ragan, supra. In that case wherein the jury returned a verdict of $75,000, the proof showed that the deceased wife was fifty-two years of age, had a life expectancy of 19.99 years, had an income of $30 per week, and was survived by a fifty-eight year old husband and three children who were grown, married, and not dependent. There was no pain and suffering to be considered as an element of damages. This Court determined that the amount of the verdict was so excessive as to evince *879 bias, passion and prejudice, and reversed, but indicated that the judgment would be affirmed if a remittitur of $15,000 was entered, leaving a judgment of $60,000.
We have carefully and objectively considered the case at bar, taking into consideration the age of the deceased, his earning power, dependency of his heirs, and other proper elements of damage. We are forced to conclude that the judgment is so excessive as to evince bias, passion and prejudice on the part of the jury, and that the judgment should be reversed and the cause remanded unless a remittitur be accepted and entered by appellee. Therefore, the judgment is reversed and the cause remanded unless within fifteen days from the date this order becomes final the appellees will accept and enter a remittitur herein in the sum of $65,000, leaving a judgment of $80,000.
Affirmed with remittitur; otherwise reversed and remanded on the question of damages only.
ETHRIDGE, C. J., and RODGERS, JONES and ROBERTSON, JJ., concur.