288 So.2d 461 (1974)
STANDARD FURNITURE COMPANY, an Alabama corporation and Carl Anthony Bryant
v.
Mrs. William Bradford WALLACE, widow of William Bradford Wallace, Deceased.
Mrs. William Bradford WALLACE, widow
v.
MAXICO, INCORPORATED, a Mississippi corporation and Lloyd L. Beacham, III.
No. 47349.
Supreme Court of Mississippi.
January 14, 1974.
Rehearing Denied February 4, 1974.
M.M. Roberts and S. Wayne Easterling, Hattiesburg, for Standard Furniture and Bryant.
Holmes & Dukes, Hattiesburg, for Wallace.
Butler, Snow, O'Mara, Stevens & Cannada, Roger C. Landrum and Richard L. *462 Forman, Jackson, for Maxico and Beacham.
SMITH, Justice:
The action out of which the present appeals have arisen was brought by Mrs. William Bradford Wallace, as plaintiff, for the recovery of damages for the wrongful death of her husband, William Bradford Wallace, against Standard Furniture Company, and its employee, Carl Anthony Bryant, and Maxico Incorporated, and its employee, Lloyd L. Beacham, III, as defendants.
At the conclusion of the trial of the case in the Circuit Court of Forrest County, the jury returned a verdict for the plaintiff against defendants Standard Furniture Company and Carl Anthony Bryant in the sum of $200,000, and also returned a verdict for defendants, Maxico Incorporated and Lloyd L. Beacham, III. Standard Furniture and Bryant have appealed from the judgment rendered against them and also from the judgment discharging their codefendants, Maxico and Beacham. Mrs. Wallace has appealed from the judgment discharging Maxico and Beacham.
Wallace died as a result of a collision in which the automobile he was driving, a Maxico truck and trailer being driven by Maxico's employee, Beacham, and a Standard Furniture truck being driven by its employee, Bryant, were involved. The declaration alleged that negligence on the part of the defendants proximately caused the collision and consequent death of Wallace.
It is undisputed, and is conceded, that, at the time of the fatal accident, the Maxico vehicle was towing a trailer which was not equipped with brakes as required by Mississippi Code 1942 Annotated section 8249 (1956), and that this was negligence as a matter of law. Based upon this fact, instructions were granted severally at the request of Mrs. Wallace, Standard Furniture and Bryant, informing the jury that the operation of the trailer on the highway by Maxico and Beacham, without such brakes as required by the statute, was, as a matter of law, negligence per se. The jury was further told by these instructions that it devolved upon it to determine from the evidence whether such negligence had been the proximate cause, or a proximate contributing cause, of the collision and consequent injury and death of the decedent. These instructions correctly stated the law on this point and clearly defined the issue to be decided with respect to liability of Maxico and Beacham.
Neither Mrs. Wallace, the plaintiff, nor defendants, Standard Furniture and Bryant, requested the court to instruct the jury peremptorily to find for the plaintiff against Maxico and Beacham. Standard Furniture, Bryant, Maxico and Beacham each asked for a directed verdict which the court, in each case, declined to grant.
The record leaves no doubt that a factual question was created by the evidence as to whether the absence of brakes on the Maxico trailer, under the circumstances, had anything whatever to do with the fatal collision. Both Mrs. Wallace and Standard Furniture and Bryant, by appropriate instructions, informed the jury that, as a matter of law, Maxico and Beacham were guilty of negligence per se, but properly submitted the factual question of proximate cause to the jury for its determination. It is clear that there was ample evidence to support the jury's finding that such negligence was not the proximate or a proximate contributing cause.
On the other hand, there was evidence capable of supporting the jury's finding that the collision was brought about and proximately caused solely by negligence on the part of Standard Furniture's driver, Bryant, in the operation of the Standard Furniture truck.
Notwithstanding the vigorous and able arguments of counsel, in the main, the case presented factual issues for determination by the jury and these issues were properly defined in instructions granted at the request *463 of each of the parties. It cannot be said that the evidence was incapable of supporting either the verdict for Maxico and Beacham or that in favor of Mrs. Wallace against Standard Furniture and Bryant.
Complaint is made as to certain instructions granted by the court. However, it is conceded by all parties that no objection of any kind whatever was made to any instruction until after all of the instructions had been granted by the court, read to the jury, arguments completed and the jury had retired and was out considering its verdict. Such objections came too late and may not be interposed here for the first time. Mississippi Supreme Court Rule 42.
Notwithstanding this, we have read the instructions in connection with our consideration of the contention that the judgment against Standard Furniture and Bryant, and also that discharging Maxico and Beacham, were against the overwhelming weight of the evidence, in order to determine what fact issues were submitted to the jury. We find that the instructions were unusually well drawn, accurately stated the applicable law and clearly defined the issues.
The record shows that plaintiff's husband, the deceased, William Bradford Wallace, was a young man, 27 years of age, with a life expectancy of 43.08 years, had one three-months old child, was a college graduate, employed by Mid-State Homes, Incorporated, as field representative, and was earning between $8,500 and $9,000 per year at the time of his death. Death was immediate and there was no period of conscious pain or suffering. The $200,000 verdict against Standard Furniture and Bryant is large. However, we are unable to say that it is so excessive, in the light of all of the circumstances, as to shock the enlightened conscience or evinces passion or prejudice on the part of the jury.
While the fatal occurrence involved several vehicles, and the trial resulted in a large judgment, the questions to be decided were almost entirely factual and were peculiarly for the jury. The instructions granted at the trial reflect that the parties recognized that this was so, and that they drew their instructions so as to submit such factual questions to the jury. The instructions dealt with those questions, that is, questions of negligence and proximate cause, in clear language, and it seems highly improbable that the jury could have been confused as to what the issues were or as to what it was to pass upon.
We find no prejudicial error in the case and the judgments appealed from will be affirmed in all respects.
Affirmed.
GILLESPIE, C.J., and ROBERTSON, SUGG and BROOM, JJ., concur.