331 So.2d 917 (1976)
Nellie DICKEY
v.
Hillard T. PARHAM and Bud Eaton.
No. 48679.
Supreme Court of Mississippi.
May 4, 1976.
Rehearing Denied May 25, 1976.
Smith, Downs, Coleman & Ross, Wendell H. Trapp, Jr., Corinth, for appellant.
Mitchell, Rogers & Eskridge, Tupelo, for appellees.
Before PATTERSON, ROBERTSON and BROOM, JJ.
BROOM, Justice, for the Court:
This wrongful death action (a non-resident attachment suit in the Chancery Court of Lee County) was brought by appellant, Mrs. Dickey, for herself and other statutory beneficiaries of Lee Russell Dickey, her deceased son. The decedent was killed when his automobile collided with the Seal-test Milk Company truck being driven by appellee Parham, who was the employee of *918 the other appellee, Eaton. Damages in the amount of $10,000 were allowed at the first trial in the lower court. On appeal we affirmed the decree of the lower court as to liability, but reversed for inadequacy of damages and granted a new trial on the issue of damages only. Dickey v. Parham, 295 So.2d 284 (Miss. 1974). Upon retrial the lower court decreed a $30,000 judgment against both appellees (Parham and Eaton) which appellant argues is still so inadequate as to require a third trial. We affirm on condition that appellees agree to an additur set forth in this opinion; otherwise, the cause is again remanded for retrial on the sole issue of damages.
Facts of the case are as stated in our original opinion except at the second trial economist Oliver (whose testimony was not directly controverted) gave additional testimony. His testimony was to the effect that the twenty-one year old decedent had a life expectancy of 41.6 years. Based upon statistics, he stated that the decedent could have expected an annual income of $9,397. He mathematically converted such an annual income into an annuity which could presently be purchased for $188,674 at 4%. After reducing that figure by varying percentages to allow for the living expenses of the deceased, Dr. Oliver arrived at a minimum present net value of the life of the deceased at the time of his death: $92,497.
The issue now before us is: Must the $30,000 judgment be reversed for inadequacy?
An award which is so grossly inadequate (or excessive) as to shock the conscience of the court, or reflect a manifest miscarriage of justice, cannot be allowed to stand. Mindful of the foregoing rule, consideration of this case again requires us to consider the elements of damage. The opinion of this Court in Dickey v. Parham, supra, stated that three elements of damage were allowable:
(1) Gratuities that the parent had a reasonable expectation of receiving. Gordon v. Lee, 208 Miss. 21, 43 So.2d 665 (1949); Cumberland Telephone & Telegraph Co. v. Anderson, 89 Miss. 732, 41 So. 263 (1906);
(2) Loss to all the beneficiaries of the deceased's society and companionship. Scott v. K-B Photo Service, Inc., 260 So.2d 842 (Miss. 1972); Avery v. Collins, 171 Miss. 636, 157 So. 695 (1934); and
(3) The sum the deceased might have received as the present net value of his own life expectancy. Bush v. Watkins, 224 Miss. 238, 80 So.2d 19 (1955); Gordon v. Lee, supra; Cumberland Telephone & Telegraph Co., supra.

Appellees correctly argue that to allow Item (1) on gratuities, and also allow Item (3) as the present net value of the life expectancy of the deceased, would be "to pyramid damages." New Deemer Mfg. Co. v. Alexander, 122 Miss. 859, 85 So. 104 (1920), and Gulf M. & N.R.R. v. Graham, 153 Miss. 72, 117 So. 881 (1928). They point out that this was conceded by the appellees in the lower court. As stated in New Deemer, supra, the plaintiff "was not entitled to recover the present net cash value of his earnings, measured by his life expectancy, and, in addition, recover the amount of any contributions the deceased might have made for the support of his mother." Accordingly, we now hold that the elements of damages properly allowable in this case are: (a) loss of the deceased's society and companionship, and (b) the sum he might have received as a present net cash value of his own life expectancy (any gratuities are included in this item and cannot be separately added). Our previous opinion reported at 295 So.2d 284 (Miss. 1974), supra, correctly states the law except element of damages numbered (1) therein on gratuities, since it was also included in (3) of the opinion, should not have been allowed.
As pointed out in the court's earlier opinion rendered in this cause, we have no *919 formula by which damages can be computed to a mathematical certainty in a wrongful death action. Death awards in this jurisdiction have ranged between $2,500 and $200,000. We will not place a floor or ceiling between which every judgment in wrongful death cases must fall.
The record does not show what value the chancellor placed upon loss of companionship. As to the present net cash value of the decedent's life expectancy, the trier of fact (chancellor) had before him Dr. Oliver's testimony plus other evidence that the decedent earned $2,635 during the last five years when school was not in session. Having before him such testimony, which in the main was the same at both trials, it became the duty and responsibility of the chancellor to award the decedent's statutory beneficiaries just compensation. This Court will not ordinarily disturb the judgments and findings of the trier of fact below. However, if such judgments or findings evidence passion, prejudice or bias, or reflect a manifest miscarriage of justice, then we must cause to be made some manner of rectification.
Applying the rationale of prior decisions of this Court to the action taken by the chancellor who as trier of fact awarded appellant a judgment for $30,000, we must decide now whether he was manifestly wrong, or abused his discretion in not making a larger award. Significant is the fact that in his opinion rendered at the earlier trial of this cause (which we affirmed), the chancellor found that "the sole proximate cause of the collision and death of Lee Russell Dickey" was truck driver Parham's negligence. Thus there is eliminated from this cause any question as to contributory negligence on the part of the decedent. Absent any such contributory negligence, upon the particular facts and circumstances of this record, we hold that the judgment appealed from ($30,000) is so grossly inadequate as to require reversal the second time. We have already stated that how to test the adequacy or inadequacy of verdicts in a wrongful death action is a most perplexing problem. This is true because the value of human life even when considered along with applicable elements of damages is difficult of proof. Nevertheless, such difficulty of proof is no justification to make or affirm an award when it bears no logical relation to the loss suffered. Here, where the decedent had completed three years of college, he was proven to be an industrious, hard working young man, and was absolved of any contributory negligence, the award of $30,000 is without any logical relation to the loss suffered.
Therefore, we must grant a new trial (on damages only) to appellant unless the appellees will accept an additur of $30,000 in which case judgment will be entered here for $60,000 in favor of appellant. We emphasize that this decision is not to be construed as a floor or bottom line value of human life or in any manner limiting the amount of damages in any future case. Our decision merely provides an option, pursuant to Mississippi Code Annotated § 11-1-55 (1972), by which the appellees may at their election prevent a third trial of a case regarding a tragic vehicular accident. Should the defendants (appellees) not accept the additur within fifteen days after the judgment of this Court becomes final, the cause will be remanded for retrial on the issue of damages only.
AFFIRMED ON CONDITION OF ACCEPTANCE OF ADDITUR.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.