375 So.2d 1036 (1979)
TOYOTA MOTOR COMPANY, LTD., a Japanese Corporation
v.
Lois Marie SANFORD, Guardian of Janet Marie Sanford Windham, a minor and Sole Surviving Heir of Terry Michael Windham, Deceased.
No. 51308.
Supreme Court of Mississippi.
October 10, 1979.
*1037 Bryan, Nelson, Allen & Schroeder, Harry R. Allen, Gulfport, for appellant.
Gray, Montague, Jackson, Pittman & Hammond, S. Robert Hammond, Jr., Hattiesburg, for appellee.
Before SMITH, LEE and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
Terry Windham was killed in a one-car motor vehicle accident when the pickup truck which he was driving overturned. An action for damages was begun in the Circuit Court of Covington County against Toyota Motor Company, Ltd., a Japanese Corporation, and its local dealer, by Windham's widow and sole heir for his alleged wrongful death.
The first trial of the case resulted in a mistrial when neither side could muster the nine jurors necessary for a verdict. The jury found for the local dealer and he is not involved on this appeal. Upon retrial, the jury returned a verdict for the plaintiff in the amount of $40,000 against Toyota.
On motion of plaintiff for a new trial on damages only or for an additur, the trial court entered an additur increasing the award to $157,894.00. This action on the part of the trial court was based largely, if not entirely, upon the testimony of an "expert economist."
Toyota declined to agree to the additur or to accept the alternative of a third trial, although limited to damages only, and has appealed here, assigning as error for reversal the action of the trial court. Mississippi Code Annotated section 11-1-55 (1972).
It is Toyota's position that it is entitled to raise on this appeal several issues relating to errors alleged to have been committed in the trial of the case on the merits. However, this question was settled in City of Meridian v. Dickson, 266 So.2d 143 (Miss. 1972), where under circumstances similar to those here, this Court held:
When a defendant appeals because the trial court grants a new trial due to inadequacy of damages, it is asking the court to reinstate the judgment and by the very act of appealing it must be willing to accept the verdict in all other respects, including the determination of liability. Otherwise, there would be no way to limit the scope of appeal to the question of whether the trial court abused its discretion in granting a new trial on the issue of damages only.
(266 So.2d at 144).
The action of the trial court in granting the additur must next be considered.
It is apparent that the trial judge increased the jury's award to an amount which is approximately four times as great as that found by the jury.
Toyota argues that in so doing the trial court manifestly abused its discretion and that it is entitled to have the jury verdict reinstated.
The amount of an award, in a case involving unliquidated damages is, fundamentally, for the jury. In the absence of such gross inadequacy (or excessiveness) in the amount of the award as to reflect that it is the product of bias, passion or prejudice on the part of the jury, it should not be disturbed by the court. A jury verdict is not lightly to be set aside, and in no case is it permissible for a judge, merely because he feels that more or less should have been awarded, to substitute his judgment for that of the jury. In actions in the circuit *1038 court the verdict of the jury is not simply advisory.
Here, the jury heard the entire case and was cognizant of all of its circumstances. In that situation, the jury awarded $40,000 to the plaintiff. Opinions may honestly differ as to the adequacy or inadequacy of the award, but it cannot be said that the amount is merely nominal or trivial or not substantial, or is such as would be awarded to a party against whom the jury felt bias, passion or prejudice. There is absolutely nothing in the record capable of supporting a conclusion that, in making its award, the jury acted from bias, passion or prejudice in order to favor Toyota Motor Co., Ltd., a Japanese Corporation, or to penalize or punish the plaintiff, a local young woman. On the face of it, in the light of common experience, the opposite might have been expected.
Toyota cites Rayner v. Lindsey, 243 Miss. 824, 138 So.2d 902 (1962) and Dickey v. Parham, 295 So.2d 284 (Miss. 1974), as authority for the proposition that testimony of an expert economist is advisory only and is not conclusive upon a jury in arriving at its verdict in a case involving unliquidated damages.
Toyota points out that in the present case, the trial judge increased the award to a total of some four times the amount found by the jury, not because it reflected bias, passion or prejudice on the part of the jury favoring Toyota or against the plaintiff, but because the judge himself accepted the evidence of the expert in toto whereas the jury did not.
In Dickey, this Court found that there was no contributory negligence on the part of Dickey. Toyota argues that, although no instructions were given thereon in this case, the jury was justified by the evidence in reducing its award (although it is not shown that they did so or not), on the basis of contributory negligence on the part of Windham, driver of the pickup at the time it overturned and killed him, citing Mississippi Code Annotated sections 11-7-15 and 11-7-17 (1972).
[T]he jury has a right to diminish damages because of contributory negligence even though it is not pleaded and no instruction is given authorizing them to so diminish the damages because of contributory negligence... .
(City of Indianola, Etc. v. Love et al., 227 Miss. 156, 159, 85 So.2d 812, 813 (1956).
In Screws v. Parker, 365 So.2d 633 (Miss. 1978), this Court said:
In this case we feel that the verdict of the jury was proper although it did not fully compensate plaintiff for his damages. There was strong proof of contributory negligence and we feel that the size of the verdict reflects that the jury believed plaintiff was guilty of contributory negligence to a substantial extent.
(365 So.2d at 637).
The evidence at the trial of this case was conflicting as to whether the fatal accident was caused by negligence of Windham in the operation of the pickup or by negligence of Toyota based on strict liability in tort.
On the question of contributory negligence, Toyota cites, among other cases, holding to the same effect, Edwards v. Sears, Roebuck and Company, 512 F.2d 276 (5th Cir.1975), wherein the United States Fifth Circuit Court of Appeals said:
We believe the trial court took the correct path through the thicket of strict liability and contributory negligence. While the issue has not been considered by the Mississippi Supreme Court, a noted commentator has suggested that the proper interaction between strict liability and contributory negligence "should be apparent on reflection. It is to apply a system of comparative fault of the `pure type' and apply it to strict liability as well as to negligence." Wade, Strict Tort Liability, 44 Miss.L.J. 825, 850 (1973) ...
(512 F.2d at 290).
However, we do not consider it necessary to reach or to decide that question in this case, although it appears to have merit, for the reason that we cannot say that the jury, in returning a verdict for the plaintiff in the amount of $40,000 was motivated by *1039 passion or prejudice in favor of Toyota, a Japanese Corporation, or against the local plaintiff. It is not so grossly inadequate as to shock the conscience nor is it so grossly inadequate as to reflect a manifest miscarriage of justice. As stated in Dickey v. Parham, 331 So.2d 917 (Miss. 1976):
As pointed out in the court's earlier opinion rendered in this cause, we have no formula by which damages can be computed to a mathematical certainty in a wrongful death action. Death awards in this jurisdiction have ranged between $2,500 and $200,000. We will not place a floor or ceiling between which every judgment in wrongful death cases must fall.
(331 So.2d at 918-919).
The judgment awarding an additur will be reversed and a judgment will be entered here for plaintiff, pursuant to the verdict of the jury, in the amount of $40,000.
THE JUDGMENT APPEALED FROM IS REVERSED AND JUDGMENT IS ENTERED HERE IN FAVOR OF THE GUARDIAN OF JANET MARIE SANFORD WINDHAM IN THE AMOUNT OF $40,000.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.