TECHE LINES, INC., v. POPE.

(Division B. Mar. 23, 1936. Suggestion of Error Overruled, April 20, 1936.)

[166 So. 539. No. 32167.]

Porteous, Johnson & Humphreys, of New Orleans, La., and White & Morse, of Gulfport, for appellant.

Eaton & Eaton, of Gulfport, for appellee.

Argued orally by **Walter A. White** and **Carter F. Johnson, Jr.**, for appellant, and by **B. E. Eaton, Sr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant is a common carrier of passengers by bus, and, among others, operates a line along the coast upon

what is known as highway No. 90. At a community in Jackson county known as Kreole, this highway crosses the railroad tracks of the Mississippi Export Railroad Company. About four forty-five o'clock on the morning of July 25, 1935, a passenger bus of appellant was traveling eastwardly at the point mentioned, the bus being driven by one Berwick. The vehicle was about thirty feet long, weighed approximately ten tons, and had a seating capacity of thirty-nine passengers. A torrential rain was falling so that the bus driver could not see further than about sixty feet ahead. Nevertheless, when the driver reached the right of way of the railroad, and approached the railroad grade crossing, he was proceeding at the rate of twenty-five miles an hour and did not stop or slow down, and made no effort to do so until within less than ten feet of a locomotive of the railroad company, which happened at the moment to be in the occupancy of the crossing. The result was a disastrous collision, and a serious and permanent injury to appellee who was a passenger on the bus.

The above facts are substantially undisputed, so that applying section 6124, Code 1930, the plaintiff, appellee, was entitled to a peremptory instruction. That statute, so far as applicable to this and similar cases, reads as follows: "It shall be unlawful for any person to drive or propel any automobile or automobile truck or other motor driven vehicle upon any railroad track at a public highway or municipal street intersecting such railroad at grade crossing without first stopping at a distance of not less than ten feet nor more than fifty feet from the nearest track and looking for train; provided, however, that this shall not apply to automobiles or other motor driven vehicles of any municipality, when responding to any alarm of fire, nor to the automobiles or other motor driven vehicles of the police department when responding to any emergency call, nor to motor driven ambulances when responding to an emergency call, and it shall not apply where crossings are provided with flag-

men and a signal to proceed has been given by the flagman, or where gates are provided and the gates open." This statute is plain and unambiguous in its terms, carries its own exceptions, and we shall enforce it as written. Had it been obeyed in this case, the injury would not have happened.

Appellee obtained an instruction permitting punitive damages, the instruction reading as follows: "The court charges the jury for plaintiff that if from a preponderance of the evidence you believe that the driver of the bus was guilty of gross negligence, that is, of such negligence as evidenced a reckless disregard for the safety of passengers, then in addition to actual damages for injuries which plaintiff may have sustained as the proximate result thereof, you may, in your discretion, award exemplary or punitive damages."

It is the firmly established law in this state that punitive damages are recoverable not only for willful and intentional wrong. but for such gross and reckless negligence as is, in the eyes of the law. the equivalent of willful wrong. Godfrey v. Meridian Light & Ry. Co., 101 Miss. 565, 568, 58 So. 534. There is no precise definition of gross negligence, but one of the approximate definitions may be thus expressed: Gross negligence is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them. The facts of this case, as the statement thereof reveals, bring it well within that definition and principle. Compare Wilson v. State, 173 Miss. 372, 161 So. 744, wherein we affirmed a manslaughter conviction, as for culpable negligence, upon a state of facts in which the negligence was no more culpable than in the case now before us.

The verdict was for fifteen thousand dollars. This is a larger amount than any one of us would have voted for had we been on the jury. But, as we have often heretofore said, that is not the test. The state of the record

is such that had there been no allowance of punitory damages and the verdict had been for half the stated amount as compensatory damages, we would not be authorized to interfere. Assuming, therefore, that half, or even more than half, the amount of the verdict represents a punitory award, we are still not authorized to interfere. We call attention to Yazoo & M. V. R. Co. v. Williams, 87 Miss. 344, 355. 39 So. 489, 491, wherein it was said: "It is the long settled and uniformly adhered to rule in our jurisprudence that the amount of such punitory or exemplary damages is solely within the discretion of the jury, and no matter what the sum of their finding might be, interference therewith, unless for exceptional causes, is discouraged . . . the reason being that, as the jury are the sole judges of the amount which ought properly to be assessed in order to inflict adequate punishment, the courts should scrupulously avoid any undue interference with their prerogative."

Of course, it was not meant by the broad language above quoted that as to punitory damages the courts are not required to exercise a supervisory power over such verdicts in the manner as they are in regard to compensatory verdicts. Beard v. Williams, 172 Miss. 880. 884, 161 So. 750; nor in reaffirming that language do we mean to withdraw in any measure from the constitutional duties of supervision imposed upon us. We must keep all verdicts within the bounds of reason, measured according to legal standards, both in the matter of the evidence upon which the verdict is based and in the amount of the verdict; but to bring the force of this supervisory power into operation, particularly as to punitory verdicts, the amount allowed must be clearly beyond reason, all things properly before the jury calmly considered. We cannot say that upon the facts of this case the amount allowed is beyond all calm reason, and we therefore cannot interfere.

The railroad company was made a joint defendant and the greater part of the argument of appellant is

directed at the alleged error of the trial court in granting a peremptory instruction in behalf of the railroad company. If there were any error in that respect, the plaintiff, appellee, only would be entitled to complain of it. Even if the railroad company were liable, it would be as a joint tort-feasor, and it is firmly settled in this state that joint tortfeasors are equally liable and that there is no apportionment or contribution between them. Mississippi Cent. R. Co. v. Roberts, 173 Miss. 487, 505, 160 So. 604.

Affirmed.