SMITH, Justice:
The action, out of which this appeal arose, was begun in the Circuit Court for the Second District of Harrison County against appellee, Robert Victor Brand, and one William O. Stein by appellant, Mrs. Esther L. Targett, who sought damages for personal injuries sustained as the result of a three-car collision.
Before the trial, Stein paid appellant $10,000 for a covenant not to sue, and the case was dismissed as to him. At the conclusion of all the evidence, when both sides had closed, the trial court peremptorily instructed the jury to return a verdict for defendant Brand. Mrs. Targett appeals from the judgment entered pursuant to that verdict.
All of the automobiles involved in the collision were travelling east on U. S. Highway 90. U. S. Highway 90 is a heavily travelled four-lane highway, with the two eastbound lanes separated from the two westbound lanes by a neutral ground or parkway.
The Targett car, which was being operated by appellant’s husband, was following the Brand car in the left or northernmost of the two lanes for eastbound traffic. Brand desired to turn left into Travia Avenue. At the intersection of Travia Avenue with the highway, the crossover consists of that part of Travia Avenue situated between the eastbound and westbound lanes of the highway. The neutral ground or parkway is approximately 31 feet deep north and south, and Travia Avenue through the crossover is two lanes in width, so that, if the crossover is clear of other traffic, it is practicable for an eastbound driver turning off of the highway into Travia Avenue to remove his automobile completely off the *347 travelled portion of the highway and into the crossover.
On the occasion of Mrs. Targett’s injury, Brand signalled and began a left turn into the crossover, hut, according to his testimony, did not get his car entirely into it because it was occupied by a vehicle that had come from the opposite direction and was turning south to its left. The result of this was, Brand said, that he had to stop his car with the rear portion protruding into the northernmost lane for eastbound traffic. Other traffic in the south lane prevented Targett from turning to his right into that lane, and it was necessary that he bring his car to a stop behind Brand. Targett experienced no difficulty in bringing his car to a stop and he remained stopped behind Brand for a time estimated as having been between 35 and 45 seconds, as Brand waited for the intersection to clear. As the cars sat there, a third automobile, operated by Stein (who admitted that he had not been keeping a lookout ahead, but had been looking into his rearview mirror) and which was travelling rapidly, ran into the rear of the Targett car, driving it into the Brand car, as a result of which Mrs. Targett was injured.
In Whitten v. Land, 188 So.2d 246 (Miss. 1966), a jury verdict was upheld by this Court against a driver who failed to remove his vehicle from the travelled portion of the highway, thus causing a following motorist to come to a stop behind him, (opposing traffic having prevented the latter from passing to the left) where he was then run into from the rear by a third automobile.
In Land, supra, the Court concluded that the jury was warranted in resolving the issue of liability against the driver of the first vehicle, because the evidence in the case was capable of supporting a finding that the driver of the first vehicle had ample time, space and opportunity to make it reasonably practicable and safe to remove his vehicle from the highway, but negligently did not do so, and that such negligence was a proximate contributing cause of the subsequent collision and injury.
However, Land is not to be construed as implying that every stop upon a highway in the ordinary course of present day stop and go driving constitutes negligence as a matter of law or renders the operator of a motor vehicle liable to a following driver who may be struck from the rear by another. But such a stop, coupled with an unreasonable failure to remove, may constitute negligence where sufficient time, space and opportunity to remove the vehicle safely from the travelled portion of the highway exist concurrently, and may impose liability if it is established that such negligence proximately caused or contributed to the injury of another.
In the present case, Brand stopped in the highway preparatory to turning left. He testified that he could not complete his turn or enter the crossover completely because it was occupied by another car entering from the north. On the other hand, Targett testified that he saw no other car in the crossover, and on further examination, said positively that there was no other vehicle in or entering the crossover.
For the purpose of passing upon the propriety of the trial court’s action in peremptorily directing the jury to find for the defendant, Targett’s testimony must be accepted as true.
Under the rule in Land, supra, if the crossover was unoccupied and there was no other traffic approaching so closely as to make it, in reason, impracticable or hazardous for him to do so, it was Brand’s duty to remove his vehicle entirely from the travelled portion of the highway. As the only reason assigned or suggested as. having prevented his doing so was that another vehicle had preempted the crossover and this was contradicted by Targett, there were issues of fact as to whether Brand unreasonably and negligently failed to remove his automobile from the highway com *348 pletely, at a time when he had ample time, space and opportunity to do so safely, and whether such negligence, if found to exist, proximately contributed to the subsequent injury of Mrs. Targett. These issues should have been submitted to the jury for determination.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, BRADY and PATTERSON, JJ., concur.