Margaret L. ANDERSON et al., Plaintiffs-Appellees,

v.

EAGLE MOTOR LINES, INC., Defendant-Appellant.

No. 28112.

United States Court of Appeals, Fifth Circuit.

Feb. 16, 1970.

19. Bankers Mortgage Company v. Commissioner of Internal Revenue, 142 F.2d 130, 131 (1944).

Cary E. Bufkin, James P. Cothren, Satterfield, Shell, Williams & Buford, Jackson, Miss., for appellant.

Francis S. Bowling, Jackson, Miss., James F. Noble, Jr., Brookhaven, Miss., Bowling & Coleman, Jackson, Miss., for appellees.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant, Eagle Motor Lines, Inc., appeals from a judgment upholding a jury verdict awarding damages to plaintiffs, and from the denial by the Court of certain post-trial motions in this Mississippi diversity wrongful death action. Appellant contends that the verdict was contrary to the weight of evidence, that the award was excessive, and that the Court erred in giving certain jury instructions.

Appellees, the widow and two daughters of the deceased, E. J. Anderson, brought this suit for actual and punitive damages growing out of his wrongful death, alleging gross negligence of defendant. On February 9, 1968, a short time before sunrise, Anderson was driving a station wagon east on Mississippi Highway 550 when his vehicle collided with appellant's tractor-trailer. Anderson was killed instantaneously. The only eyewitness to the accident was Warren Jones, who, moments prior to the collision, had driven the tractor-trailer across the east-west highway, blocking both lanes of traffic, while attempting to turn around. The rear wheels of the trailer were off the highway on the south shoulder of the road. The tractor was at an angle to the trailer facing almost due west and its headlights were shining in that direction. Trailer lights were not burning, but there was evidence that electric wires on the trailer had been severed at a point close to where the Anderson vehicle had hit and gone under the side of the trailer. Jones, the driver of the tractor, had been hauling a load of steel pipes and was proceeding west on the highway en route to a jobsite near Brookhaven, Mississippi. Having been misdirected as to the proper route, Jones was attempting to turn completely around by jackknifing the tractor and backing the trailer into a driveway on the south shoulder of the road. His rig was in this position when he noticed Anderson's station wagon approaching from the west. Jones blinked the four-way warning lights, sounded his air horn, then jumped from the tractor cab and attempted unsuccessfully to flag down the approaching vehicle. According to Jones, Anderson continued at the same speed and crashed into the side of the trailer. At the scene of the accident, the width of the highway, including the north and south shoulders, is approximately forty-one and a half feet. Appellant's tractor-trailer was sixty-one and a half feet long, exceeding by twenty feet the width of the highway and exceeding by six and a half feet the maximum allowable length under Mississippi law.[1]

---

1. Section 8267(d), Mississippi Code Annotated, as amended.

Defendant denied negligence and attempted to prove that negligence of Anderson in speeding, failing to avoid the accident, and in failing generally to use the care required of him was the sole cause of the accident. In the alternative, defendant pled that decedent Anderson was guilty of contributory negligence and that any award of damages should be proportionately reduced, as prescribed by Mississippi law. The jury returned a general verdict for plaintiffs in the sum of $162,500. We affirm.

■ We have examined the record and find that the evidence clearly preponderates in favor of appellees. We too are of the opinion, as was the District Court in denying appellant's various post-trial motions, that appellant's driver was grossly negligent in completely blocking a heavily traveled state highway, with a dangerously long rig, at a time in the early morning when visibility was limited. The District Court gave numerous instructions on negligence, comparative negligence and the duty of care required of Anderson under the circumstances, from which the jury could have and, as far as we know, may have determined that Anderson was contributorily negligent. Under Mississippi law, however, contributory negligence is no bar to recovery; instead, damages are reduced proportionately.[2] Consequently, even if the jury accepted appellant's version of the accident and found that Anderson was contributorily negligent in speeding or failing to slow down or to do anything to avoid the accident,

there would be no inconsistency in the verdict because of the overwhelming evidence of negligence of Jones. The issues of negligence and contributory negligence are particularly susceptible of jury determination,[3] and under the standards set by this Court in Boeing Company v. Shipman, 5 Cir., 1969, 411 F.2d 365, the Court was correct in requiring the jury to resolve these factual issues.[4]

Appellant contends that the Court committed error in granting instructions in behalf of appellees based on Mississippi Code Annotated § 8215 (1956). This section reads in pertinent part:

"(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least twenty feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of two hundred feet in each direction upon such highway."

■ The Court paraphrased the statute and then instructed the jury on the application of the statute to the existing facts. Appellant argues that the Court's instruction was tantamount to a peremptory instruction for appellees. A read-

---

2. Section 1454, Mississippi Code Annotated, provides:
"In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property."

3. See Taylor v. Bair, 5 Cir., 1969, 414 F.2d 815, 817; Great American Insurance Company v. Cutrer, 5 Cir., 1962, 298 F.2d 79, 81. Mississippi law is in accord with the federal law in this respect. Section 1455 of Mississippi Code Annotated, as amended, provides that "[a]ll questions of negligence and contributory negligence shall be for the jury to determine."

4. See also Liberty Mutual Insurance Company v. Falgoust, 5 Cir., 1967, 386 F.2d 248, 253; Liberty Mutual Insurance Company v. Davis, 5 Cir., 1969, 412 F.2d 475, 481, 482.

ing of the charge convinces us otherwise. The jury was instructed concerning their duty to return a verdict for plaintiffs contingent upon three requisites being met: a finding that the vehicle was parked in a manner prohibited by the statute, plus a finding *that such parking constituted negligence,* plus a further finding that the negligence, if any, proximately caused or contributed to the collision. The instruction, allowing, as it did, the jury to make its own decision as to whether there was negligence, is vastly different from those instructions criticized by the Supreme Court of Mississippi in Teche Lines, Inc. v. Danforth, 195 Miss. 226, 12 So.2d 784 (1943), and Hankins v. Harvey, 248 Miss. 639, 160 So.2d 63 (1964), which required a finding of negligence upon a determination that the parking statute had been violated. Strict compliance with M.C.A. 8215 under all circumstances would, of course, lead to absurd results, as the Supreme Court of Mississippi has repeatedly held.[5] The decisions understandably recognize the right of a motorist in traffic to momentarily stop on the highway without being in violation of the statute. Suffice it to say, however, that the decisions emphasize the need for common sense, practicality and reasonableness in the application and interpretation of the statute, taking into consideration the exigencies of traffic and such factors as the condition of the shoulders of the road, the time space and opportunity to remove the vehicle, and the emergency existing prior to such parking. None of these contingencies, however, exist in favor of appellant. Jones knowingly created his own emergency. The fact that there was no time later in which he could extricate himself from the dangerous position in which he deliberately placed himself cannot excuse his initial act of negligence.

■ Appellant also assigns as error an instruction given by the Court based on Mississippi Code Annotated § 8256, which appellant contends was inapplicable and misleading. The statute requires in pertinent part that a driver who stops on a highway between the hours of one-half hour after sunset and one-half hour before sunrise place flares one hundred feet in either direction as well as to the side of a vehicle incapable of being immediately removed. Appellant argues that compliance with such a statute would have been virtually impossible because, among other reasons, the emergency existing did not permit sufficient time for the placing of flares. Here again, the argument is not tenable, for the lack of time in which to place flares cannot excuse the original act of negligence which created the emergency. The Court left to the jury not only the determination of whether the statute was violated, but, if so, whether the violation constituted causal negligence.

■■ Another question for decision is the propriety of the punitive damage charge given by the Court. The leading Mississippi Supreme Court decision on this subject is Teche Lines v. Pope, 175 Miss. 393, 166 So. 539 (1936), in which the Court recognized "the firmly established law * * * that punitive damages are recoverable not only for willful and intentional wrong, but for such gross and reckless negligence as is, in the eyes of the law, the equivalent of willful wrong." 166 So. at 540. We find no error either in the Court's granting of an instruction based on punitive damages or in the substance of the charge given. The Court gave the following instruction: "You may in your discretion award to Plaintiffs punitive damages in the event that you find from a preponderance of the evidence in this case that Defendant's truck driver, Warren Jones, was guilty of such negligence that amounted to willfulness or gross recklessness and total disregard for the safety of others * * *." This charge conformed with and contained all of the essential elements of

5. Teche Lines, Inc. v. Danforth, 195 Miss. 226, 12 So.2d 784 (1943); Whitten v. Land, 188 So.2d 246 (Miss.1966); Burt v. Duckworth, 206 So.2d 850 (Miss. 1968); Targett v. Brand, 207 So.2d 345 (Miss.1968).

the instruction approved in *Pope,* supra, and the evidence overwhelmingly justified the charge. The evidence was uncontradicted that Mississippi Highway 550 is a well-traveled road, that the tractor-trailer completely blocked both lanes of traffic and that this occurred prior to sunrise which was at 6:50 on the morning of the accident, and that visibility was at best limited. Prudence would have required Jones to have moved his rig on to the shoulder of the road either to await full daylight or to place the necessary flares, or to have continued in his own lane until he found an appropriate intersection for completing the maneuver. Instead, Jones risked the possibility of collision against the possibility of completing the dangerous turn within the few moments when the road appeared to be clear of traffic. He exercised bad judgment under the circumstances.

The District Court denied a motion for remittitur, and we cannot say that this was error. This Court will not disturb an award unless there is a clear showing that the verdict is excessive as a matter of law. New Amsterdam Casualty Company v. Wood, 5 Cir., 1958, 253 F.2d 71, 72. We find the award reasonable and completely justified by Mississippi law. The deceased, a 40-year-old electrician, had a life expectancy of 31.7 years; his annual earnings were estimated to be between $10,500 and $14,000; decedent's widow was financially dependent on him; and all three appellees, the widow and two children, are entitled to damages for loss of society and companionship under Mississippi law.[6]

Appellant places much stress on the failure of the Court to order a separation of actual and punitive damages awarded by the jury, and argues that the Court thereby abused its discretion. Implicit in this argument is appellant's incorrect assumption that punitive damages were not justified under the circumstances. Although this Court has occasionally decried the "impenetrable uncertainty" of a general verdict, finding as we do no error in the instructions, there is no need to penetrate the mystery.[7] We find a justifiable basis for the award regardless of whether the jury included therein an amount for punitive damages. We find no abuse of the discretion clearly allowed to the Court under Fed.R.Civ.P. 49, relative to the types of verdicts which may be rendered.

We have considered all of the issues raised by appellant and find them without merit.

Affirmed.

6. Illinois Central Railroad Co. v. Ragan, 252 Miss. 335, 173 So.2d 433, 435 (1965); Boyd Construction Company v. Bilbro, 210 So.2d 637, 643 (Miss.1968).

7. See Hatfield v. Seaboard Air Line Railroad Company, 5 Cir., 1968, 396 F.2d 721, 724, n. 10; Tugwell v. A. F. Klaveness & Company, 5 Cir., 1963, 320 F.2d 866, 868, n. 2.