371 So.2d 391 (1979)
U.S. INDUSTRIES, INC., d/b/a Bell-Wood and Joe D. Edwards
v.
McCLURE FURNITURE COMPANY OF EUPORA.
No. 51220.
Supreme Court of Mississippi.
May 23, 1979.
*392 Thornton, Guyton, Dorrill & Pettit, George L. Dorrill, Kosciusko, for appellant.
Hal H.H. McClanahan, III, Columbus, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellee, McClure Furniture Company of Eupora, secured a jury verdict and judgment in the Circuit Court of Choctaw County against appellant, U.S. Industries, Inc., d/b/a Bell-Wood, in the amount of $2,063.00 as actual damages and $1,000 as punitive damages. Appellant, in appealing from the judgment, alleges two assignments of error, namely:
1. The verdict of the jury is against the overwhelming weight of the evidence, and was not supported by the law nor the facts, and is so contrary as to evidence passion, bias and prejudice on the part of the jury.
2. The verdict of the jury awarding punitive damages is not supported by law or by the facts in this case.
The facts submitted to the jury by the evidence are practically undisputed. During the early part of the evening, at a time when it was dusk dark, appellee's 1976 Ford pickup truck was being driven by its employee Sones in a northerly direction on Highway 15 approximately two miles south of Ackerman, Mississippi. At that point it collided with a truck owned by appellant and operated by its employee. At the location where the collision occurred, appellant had a plant which was on the east side of the highway. There was a loading dock area in front of this plant which was near the highway. Prior to the collision appellant's employee Edwards was moving a tractor-trailer rig from another location with the intention of backing it into the loading dock area. In order to do this, he drove the truck into Highway 15 at some point north of the loading dock area. He then drove the truck in a southerly direction *393 on the highway, and after reaching the loading dock he pulled the truck from the highway to the right or the west side. He then proceeded to back the truck in an easterly direction across the highway to the loading dock. As he was backing the truck across the highway, the vehicle owned by appellee and driven by its employee "topped" a hill south of appellant's plant and while in its lane of travel struck the left side of appellant's truck near the front thereof. The testimony of appellee's employee was that he was operating the truck at approximately fifty miles per hour on the open highway when he came over the hill and first saw the truck blocking his lane of travel.
Admittedly, no flares or warning devices or efforts of any type were placed or made at the scene of the collision prior to appellant's truck and trailer being backed across the much-travelled public highway. It was admitted there were several other persons at the scene with appellant's driver and no attempt was being made to flag or warn traffic on the highway. The authorities are too numerous to cite that under the above set out facts the question of negligence of appellant through its employee was clearly a question for the jury. In fact, a verdict for appellant would have been against the overwhelming weight of the evidence. As to the actual damages, there could be no real argument that the jury's verdict was not supported by the evidence.
Regarding the question of the jury being authorized to award punitive damages, this Court has set out the guidelines for such authority by the jury in many cases; the rule being that "punitive damages are ordinarily recoverable only in cases where the negligence is so gross as to indicate reckless or wanton disregard of the safety of others." Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952). We have to keep in mind that the basic theory is whether or not there was sufficient evidence for the jury to award punitive damages even though the evidence might be conflicting. It is not the court's prerogative to make the award. It is only for the court to decide whether or not the party requesting a punitive damage instruction has presented sufficient evidence for the jury's consideration. Yazoo & Mississippi Valley R.R. Co. v. Hardie, 100 Miss. 132, 55 So. 42 (1911); Snowden v. Osborne, 269 So.2d 858 (Miss. 1972).
Most cases involving verdicts for punitive damages have been claims for personal injuries. This Court, however, has held that the same principle applies in cases seeking actual damages for loss or damage to personal property. Greyhound Lines, Inc. v. Townsend, 234 Miss. 839, 108 So.2d 208 (1959).
Appellees rely on a case from the United States Court of Appeals for the Fifth Circuit which involved facts almost identical to the facts in the present case. In Anderson v. Eagle Motor Lines, Inc., 423 F.2d 81 (1970), the employee of Eagle Motor Lines was operating a truck and trailer rig near Brookhaven, Mississippi, on a public highway in a westerly direction, when he realized that he was on the wrong road. He pulled his truck into a driveway on the south side of the highway and was backing it across the highway and into a driveway on the north side when Anderson drove his vehicle around a curve and was unable to stop prior to striking the vehicle blocking his path. There, as here, there were no flares or other warning devices placed on the highway prior to blocking it at night. The testimony was stronger than in the present case regarding warnings as, undisputedly, in Anderson, there were lights on the side of the trailer and the driver was blowing the horn of the truck and attempting to warn Anderson. The Court of Appeals, in affirming the lower court in granting the jury a punitive damage instruction, stated:
The evidence was uncontradicted that Mississippi Highway 550 is a well-traveled road, that the tractor-trailer completely blocked both lanes of traffic and that this occurred prior to sunrise which was at 6:50 on the morning of the accident, and that visibility was at best limited. Prudence would have required Jones to have moved his rig on to the shoulder *394 of the road either to await full daylight or to place the necessary flares, or to have continued in his own lane until he found an appropriate intersection for completing the maneuver. Instead, Jones risked the possibility of collision against the possibility of completing the dangerous turn within the few moments when the road appeared to be clear of traffic. He exercised bad judgment under the circumstances.
It is readily seen that there was more reason for the lower court to grant a punitive damage instruction in the present case than in Anderson. Here no emergency of any kind was shown which authorized appellant's employee to block the highway in backing the truck to the loading dock. It would have been a simple matter to place flares or other warning devices in position to warn appellee's driver coming over the hill and it would have been a simple matter for the other persons who admittedly were there with the driver to have placed themselves in a position to warn. We hold that under the evidence in the case, appellee clearly was entitled to an instruction permitting the jury to find punitive damages in addition to the actual damages.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.