508 So.2d 1094 (1987)
Charles L. BRYANT, Carolyn B. Bryant and Kimberly Ann Bryant Kendrick
v.
ALPHA ENTERTAINMENT CORPORATION.
No. 56815.
Supreme Court of Mississippi.
May 27, 1987.
*1095 Maurice Dantin, Forest M. Dantin, Dantin & Dantin, Columbia, for appellants.
Thomas W. Tyner, Aultman, Tyner, McNeese & Ruffin, Hattiesburg, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and GRIFFIN, JJ.
SULLIVAN, Justice, for the Court:
The parents and sister of Dinah Kay Bryant brought suit against Alpha Entertainment Corporation in the Circuit Court of Lamar County, Mississippi, seeking damages for the wrongful death of Dinah Kay Bryant. The jury returned a verdict in favor of Alpha Entertainment Corporation and the Bryants appeal to this Court.
On June 11, 1983, Dinah Kay Bryant and Kevin King, both under 18 years of age, went to a bar in Hattiesburg, Mississippi, owned by Alpha Entertainment Corporation and known as "Cash McCool's." The two teenagers gained admittance to the bar. Kevin testified that he purchased and drank four to six "long-neck" beers. When the couple left Cash McCool's to return to Columbia in a car borrowed by Kevin, Kevin hit a bridge abutment in Lamar County, Mississippi. As a result, the injuries caused by this accident led to the death of Dinah Kay Bryant. The action was predicated on the sale of beer to the driver of the vehicle, Kevin King, a minor, under 18 years of age.
Jimmy Stringer and Wayne Cameron, both Mississippi Highway Patrolmen, testified that in their opinion Kevin King was visibly intoxicated when they arrived at the scene of the accident. Some three hours after the accident blood was taken from Kevin King pursuant to § 63-11-7, Mississippi Code Annotated (1972), and an analysis indicated an alcoholic content of .14%. Mississippi law provides that a blood alcohol content of .10% is an indicator of legal intoxication. Section 63-11-39, Mississippi Code Annotated (1972), as Amended. There was a dispute as to the question of intoxication, but the trial court did not permit the jury to receive evidence of Kevin's blood alcohol content, although Kevin was not a party to the action and did not object to the introduction of the evidence and *1096 waived the protection provided in the statute.
The record shows that Kevin used an obliterated driver's license which did not show his age and a renewal slip filled out in his own handwriting by him as identification to prove his age and enter Cash McCool's. Dinah Kay Bryant had brown eyes and brown hair but she was allowed entrance in Cash McCool's using an ID of someone else who had green eyes and brown hair. From the record an employee of Cash McCool's admitted her to the bar with a joking comment "she had green hair and brown eyes."
Danny Rigel, former security guard for Cash McCool's, testified that if someone else was admitted with a driver's license that had obviously been changed, then a mistake had been made. Alpha Entertainment contends that the Bryants had a duty to prove a lack of reasonable care by Alpha's employees and the trial court imposed the reasonable care burden on the Bryants and did not allow them a negligence per se instruction.

I.

IS THE SALE OF BEER TO A MINOR UNDER 18 YEARS OF AGE NEGLIGENCE PER SE?
The Bryants requested and were refused instruction No. P-1 which was the negligence per se instruction against Alpha Entertainment.
The Bryants also requested instruction No. P-10 which was refused. Instruction No. P-10 instructed the jury that if they found that the negligence of Alpha Entertainment caused or contributed to the accident that led to the death of Dinah Kay Bryant, then it was their duty to return a verdict for the plaintiffs.
The Bryants also requested instruction No. P-11 which told the jury that if they found from the evidence that Alpha Entertainment sold beer to Kevin King and that Kevin King was under eighteen (18), then Alpha was guilty of negligence and if the jury further found that this negligence proximately caused or contributed to the accident resulting in the death of Dinah Kay Bryant, then the jury should return a verdict for the plaintiffs.
All three of these instructions were refused by the trial court which granted instead Alpha Entertainment's instruction No. D-3, which in essence instructed the jury that the Bryants had to prove by a preponderance of the evidence that Alpha Entertainment had failed to exercise reasonable care in order for Alpha Entertainment Corporation to be negligent. The Bryants offered two additional instructions when their negligence per se instructions were refused. These instructions were granted by the trial judge though he placed the burden upon the Bryants to prove both negligence and causal connection.
Section 67-3-53, Mississippi Code Annotated (Supp. 1986), provides:
[Until September 30, 1986, this section will read as follows:]
In addition to any act declared to be unlawful by this chapter, or by sections 27-71-301 through XX-XX-XXX and sections 67-3-17, 67-3-27, 67-3-29 and 67-3-57, it shall be unlawful for the holder of a permit authorizing the sale of beer or wine at retail:
* * * * * *
(b) To sell, give or furnish any beer or wine to any person visibly or noticeably intoxicated, or to any insane person, or to any habitual drunkard, or to any person under the age of eighteen (18) years. (Emphasis added).
This section states "It [is] unlawful ... to sell ... beer to... any person under the age of eighteen (18) years." It does not say "it is unlawful ... unless the seller used reasonable care to ascertain the age of the minor."
In Munford, Inc. v. Peterson, 368 So.2d 213 (Miss. 1979), we addressed this exact question and held that plaintiffs are entitled to an instruction that defendants who violated the statute, were negligent per se, and that if the negligence proximately caused or contributed to the injury, the plaintiffs were entitled to recover.

*1097 The principle that violation of a statute constitutes negligence per se is so elementary that it does not require citation of authority. When a statute is violated, the injured party is entitled to an instruction that the party violating the statute is guilty of negligence, and, if that negligence proximately caused or contributed to the injury, then the injured party is entitled to recover. The demurrer admitted that appellant violated the law and the evidence is undisputed that it did so. The demurrer was properly overruled and the peremptory instruction on negligence[1] was correctly given. The law is plain and unambiguous in prohibiting the sale, giving or furnishing beer or wine to any person under the age of eighteen (18) years by the holder of such a permit. The method of determining a minor's age is for the proprietor to select. Suffice it to say, the responsibility is his to see that the law is not violated by him.

[1] "The Court instructs the jury that in this case, the Defendant, Munford, Inc., was negligent as a matter of law."
Munford, at 217-218.
Alpha contends that Munford is distinguishable because the minors in this case were obviously young and the proprietor failed to even request an identification. While facially appealing this argument is without merit. Under eighteen (18) in the statute means under eighteen (18). See Munford, supra.
We have since reaffirmed this ruling clearly establishing that a violation such as the one in this case is negligence per se.
In May of 1985, we stated:

Munford, Inc., involved the sale of beer by the holder of a permit authorizing beer sales. The permittee sold beer to intoxicated minors, particularly Peterson, who lost his life in a subsequent automobile accident. Munford's agent and employee violated Section 67-3-53(b) and this Court held that Munford was guilty of negligence per se. The issue of probable cause was submitted to the jury... .
Boutwell v. Sullivan, 469 So.2d 526, 528 (Miss. 1985).
Even more recently we again noted that violation of the above statute is negligence per se and if that negligence is the proximate cause of the resulting injury the plaintiffs are entitled to recover. Cuevas v. Royal D'Iberville Hotel, 498 So.2d 346 (Miss. 1986). "We now reiterate our holding in Munford, Inc. v. Peterson, supra, that the Mississippi law, which prohibits the sale of beer or wine to a minor, was adopted for the protection of the general public and that Peterson, a minor, was a member of that protected class." Cuevas at 348.
Therefore, it was error for the trial court to refuse to grant a jury instruction that Alpha Entertainment Corporation was negligent per se.

II.

SHOULD THE EVIDENCE OF THE BLOOD ALCOHOL CONTENT OF KEVIN KING BEEN ADMITTED INTO THE RECORD?
Without doubt, the most compelling and conclusive evidence that Kevin King was intoxicated was withheld from the jury. Although two highway patrolmen testified that in their opinion Kevin King was intoxicated, Alpha attempted to convince the jury that the intoxication of Kevin King did not cause the accident. The blood test taken some three (3) hours after the accident showed that Kevin King was more than 40% above the minimum legal level for determining intoxication. The alcohol level of Kevin King was .14 grams of ether alcohol per 100 mililiters of blood. This was the single most probative item of evidence on the intoxication issue.
The Bryants argue that since King was not a party and did not object to the results of the test being admitted, there exists no justification for the trial court's refusal to permit this evidence to be considered by the jury.
The issue is whether a non party to a civil suit may waive the privilege afforded him under Mississippi Code Annotated, Section *1098 63-11-43 (1972). Chapter 11 of Title 63 of the Mississippi Code Annotated (1972), is commonly known as the Implied Consent Law and § 63-11-43 provides as follows:
Neither results of a chemical test under the provisions of this chapter, nor the fact of submission to or refusal of such test shall be admissible in a civil case.
Alpha Entertainment contends that this section is not a privilege and it may not be waived, but our case law is to the contrary.
In Stong v. Freeman Truck Lines, Inc., 456 So.2d 698 (Miss. 1984), this Court held that the results of a blood test taken from a deceased motorist, under the provisions of MCA, §§ 63-11-7 and 63-11-43 (1972), were inadmissible in a civil trial resulting from a suit filed after the accident. In so holding we stated:
We hold as a matter of law that Administratrix' inquiry into the basis of Freeman/Long's affirmative defense of intoxication constitutes no waiver of her right to invoke § 63-11-43 in opposition to the admissibility of the results of the blood test. (Emphasis added).
Stong, supra, at 714.
When Section 63-11-7, Mississippi Code Annotated (1972), is read in conjunction with § 63-11-43, Mississippi Code Annotated (1972), it becomes apparent that the results of the test may not be used in evidence against a person in any court without the consent of the person so tested, or, if deceased, such person's legal representative. (Emphasis added). It is our opinion that this statute creates the privilege for the benefit of the individual whose blood was taken and tested and this privilege may be waived or invoked.
Even more persuasive is the language in the recent case of Clark v. City of Pascagoula, 507 So.2d 70 (Miss. 1987), where this Court addressed the question of admissibility of a blood sample taken from a deceased body pursuant to § 63-11-7, Mississippi Code Annotated (1972). We recognized that both § 63-11-7 and 63-11-43 "are intended to protect the interests of the person submitted to a blood alcohol test, in a civil case." We found the tests admissible and further, "any protection given... was waived by the decedent's representative." Clark, at 76.
Therefore, if the intent of the legislature was to protect persons such as Kevin King, and this is a privilege to be invoked by Kevin King then he effectively waived the protection provided by the statute.[1]
Kevin King testified that he had no objection whatsoever to the introduction of the BAC test results. In accord with our case law the extremely probative evidence of the results of the blood tests should then have been admitted. We find therefore, that the trial court committed reversible error when it refused to admit the blood test results after Kevin King had waived his privilege.

III.

SHOULD PUNITIVE DAMAGES INSTRUCTIONS BEEN GIVEN?
Our law requires that punitive damages be assessed only in extreme cases. Gardner v. Jones, 464 So.2d 1144, 1148 (Miss. 1985); Tideway Oil Programs, Inc. v. Serio, 431 So.2d 454, 460 (Miss. 1983). If punitive damages are allowed it should be with "caution and within narrow limits." Jackson v. Johns-Manville Sales Corp., 727 F.2d 506, 526 (5th Cir.1984), [citing Consolidated American Life Ins. Co. v. Toche, 410 So.2d 1303, 1304-05 (Miss. 1982).]
In negligence cases this Court has held "punitive damages are allowable only *1099 upon proof of gross negligence or willful misconduct." Jesco, Inc. v. Shannon, 451 So.2d 694, 704 (Miss. 1984); Miss. Power Co. v. Jones, 369 So.2d 1381 (Miss. 1979); Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962). "Punitive damages are ordinarily recoverable only in cases where negligence is so gross as to indicate a wanton disregard for the safety of others." U.S. Industries v. McClure Furniture Co., 371 So.2d 391, 393 (Miss. 1979). We are satisfied from this record that the conduct of Alpha Entertainment, through its employees, was not such to evidence a reckless and wanton disregard for the safety of others and therefore, the trial court was not in error in refusing to grant the punitive damages instructions requested by the Bryants.
We therefore affirm the trial court in its refusal to grant punitive damages instructions and reverse the trial court for its refusal to grant a negligence per se instruction and its refusal to allow the blood alcohol content test results of Kevin King into evidence.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Moreover, Mississippi Code Annotated, § 63-11-43 (1972), has been repealed under Rule 501 of the new Miss. Rules of Evidence and the comment thereto, which reads:

There are a number of statutorily created "privileges" which do not have their roots in the common law. An example is the "privilege" created by MCA §§ 63-11-7 and 63-11-43 shielding blood alcohol test results from admission in evidence in a civil case. The effect of Rule 501 is to abrogate all such statutory "privileges."
Obviously, these sections were recognized as privileges. The Mississippi Rules of Evidence were adopted, effective January 1, 1986. This case was tried February 25 & 26 and March 28, 1985. Clark v. City of Pascagoula, supra, was tried February 22-24, 1984. The privilege issue in both cases, therefore, is decided under pre-Rules law.