MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Suzette Smith’s vehicle rear-ended a non-party’s Chevrolet Suburban. The Suburban was stopped on Highway 82 in Leland, Mississippi, to allow defendant, Antonio Watson, to complete a parking maneuver of a tractor-trailer. Smith sued Watson and his employer Waggoners Trucking Corporation (Waggonners), alleging Watson’s negligence caused the injuries she sustained. The Washington County Circuit Court granted summary judgment in favor of Watson and Waggon-ers. Smith appealed.
 

 ¶ 2. We find the circuit court erred in determining: (1) Watson had the right of way under Mississippi’s driving statutes and, therefore, owed no duty to Smith, and (2) because Smith was speeding, she was the sole proximate cause of her injuries.
 

 ¶ 3. In addition to statutory duties, Watson owed approaching drivers, including Smith, a general duty of reasonable care. And we find that, under Mississippi’s comparative-negligence doctrine, a jury could find both Smith’s speeding and Watson’s alleged negligence legally contributed to cause her injuries and proportionally assign damages.
 

 ¶ 4. We therefore reverse summary judgment and remand this case to the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 5. On November 22, 2006, at approximately 11:45 p.m., Watson drove Waggon-ers’ truck, an empty tractor-trailer used to transport cars, into Leland. Following his normal routine, he began to park the truck at the then-existing business, “Yuppy Puppy.” Yuppy Puppy was located on the
 
 *776
 
 south side of Highway 82, on the very western edge Leland’s city limits.
 

 ¶ 6. Watson turned off of Highway 82 in to the first entrance of Yuppy Puppy. He then pulled out from a second entrance and again entered Highway 82, crossing all four lanes. At that point, he stopped the rig in the highway, then reversed course, and began backing the truck into his parking spot in the Yuppy Puppy lot.
 

 ¶ 7. Watson testified that at least four cars traveling on Highway 82 that night— two westbound and two eastbound— stopped in the highway to allow him to finish parking. One of the vehicles was Candace Holloway’s Suburban, which stopped in the right-hand eastbound lane.
 

 ¶ 8. A clear factual dispute exists over the length of time it took Watson to perform the maneuver. Watson testified it took only ten seconds. But Holloway’s husband, a passenger in the Suburban, testified his wife stopped their vehicle for three to five minutes while waiting on Watson to park.
 

 ¶ 9. According to Watson, as he cleared the westbound lanes, the two cars that had stopped resumed traveling. And the eastbound car to the left of Watson went around Watson and continued down the highway. While Watson was clearing Holloway’s lane, Smith’s Chevrolet Cobalt collided into the rear of Holloway’s Suburban, injuring Smith. The speed limit on Highway 82 had decreased from fifty-five to forty-five miles per hour when entering Leland. The Cobalt’s computer data indicated Smith had been traveling at fifty-seven miles per hour just before impact. The data also showed Smith did not apply her brakes until seconds before the collision. Smith testified she was not speeding and neither saw Watson’s truck nor Holloway’s vehicle until she hit Holloway’s Suburban.
 

 ¶ 10. Smith sued Watson and Waggon-ers claiming they negligently caused her resulting injuries. She alleged Watson violated both the statutory and common-law duties he owed to Smith. She further alleged Watson’s late-night parking maneuver created an unreasonably dangerous condition on Highway 82, of which Watson failed to warn her.
 

 ¶ 11. Watson and Waggoners moved for summary judgment on two grounds: (1) Smith could not, as a matter of law, prove Watson and Waggoners breached a duty, and (2) the undisputed facts showed Smith was solely responsible for her injuries. They claimed Mississippi Code Annotated sections 63-3-805 and 63-3-807 (Rev.2004) gave Watson an indefinite right of way because, when Watson pulled back onto Highway 82, no cars were close enough to present an “immediate hazard.” They also argued that by speeding and following the Suburban too closely, Smith was solely responsible for her injuries.
 

 ¶ 12. The circuit court mostly accepted Watson and Waggoners’ position and granted them summary judgment, dismissing Smith’s case with prejudice.
 

 ¶ 13. Smith timely appealed.
 

 STANDARD OF REVIEW
 

 ¶ 14. We review a grant of summary judgment de novo, applying the same standard as the circuit court.
 
 Harrison v. Chandler-Sampson Ins., Inc.,
 
 891 So.2d 224, 228 (¶ 11) (Miss.2005). Mississippi Civil Procedure Rule 56 directs a trial court to render judgment “forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(C). Rule 56 requires that we view the evidence in the light most favorable to the
 
 *777
 
 party against whom the motion has been made.
 
 Harrison,
 
 891 So.2d at 228 (¶ 11). If any triable issues of fact exist, we must reverse.
 
 Id.
 

 ¶ 15. As the comment to Rule 56(c) advises, “summary judgment is not a substitute for the trial of disputed fact issues.” M.R.C.P. 56 cmt. The purpose of summary judgment is to determine whether a triable issue exists but not to resolve that issue.
 
 Id.
 

 DISCUSSION
 

 ¶ 16. In granting summary judgment, the circuit court offered a well-reasoned opinion. At first blush, summary judgment may appear appropriate in a car-wreck case where evidence shows the plaintiff was likely highly negligent in contributing to the accident. But Mississippi is a pure comparative-negligence state. And this case is complicated by the reasonableness of Watson’s near midnight cross-highway parking maneuver. Though there is no yardstick by which every case may be measured, Rule 56 does not permit trial courts to err on the side of the non-mov-ant.
 
 Burton v. Choctaw County,
 
 780 So.2d 1, 8 (¶ 10) (Miss.1997). To survive summary judgment, Smith did not have to present an irrefutable case of Watson’s negligence. She merely had to present a triable case, which we find she did.
 

 I. Watson’s Duty
 

 ¶ 17. As the plaintiff in a negligence claim, Smith bears the duty to prove the elements of (1) duty, (2) breach, (3) causation, and (4) damages.
 
 Fisher v. Deer,
 
 942 So.2d 217, 219 (¶6) (Miss.Ct.App.2006) (citing
 
 Couch v. City of D’Iberville,
 
 656 So.2d 146, 150 (Miss.1995)). The circuit court held Smith failed to make a sufficient showing to establish the existence of an essential element on which she bears the burden of proof at trial — namely the element of duty.
 
 See Borne v. Dunlop Tire Corp., Inc.,
 
 12 So.3d 565, 570 (¶ 16) (Miss.Ct.App.2009) (discussing the standard for granting summary judgment against a plaintiff). “Duty” is conformity “to a specific standard of conduct for the protection of others against the unreasonable risk of injury[.]”
 
 Donald v. Amoco Prod. Co.,
 
 735 So.2d 161, 174 (¶ 42) (Miss.1999) (quoting
 
 Meena v. Wilburn,
 
 603 So.2d 866, 870 n. 5 (Miss.1992)). Whether a duty exists is a question of law.
 
 Id.
 
 at (¶ 43).
 

 ¶ 18. Watson and Waggoners urge that we find, as the circuit court did, that Watson owed no duty to Smith because undisputed evidence proved he had the right of way. Under Mississippi’s right-of-way statute:
 

 The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard. However, said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.
 

 Miss.Code Ann. § 63-3-805. Section 63-3-807 makes applicable section 63-3-805 to drivers entering or crossing a highway from a private road or driveway. Miss. Code Ann. § 63-3-807.
 

 ¶ 19. Watson and Waggoners argue Watson had only a statutory duty, when entering Highway 82, to yield to cars that were an “immediate hazard.” Miss.Code Ann. §§ 63-3-805, -807. And because Smith approached Watson after other cars had already stopped and yielded, she did not present an immediate hazard.
 

 
 *778
 
 ¶ 20. The circuit court agreed with Watson and Waggoners. It determined the only material factual issue — whether there was an immediate hazard when Watson pulled onto Highway 82 — was not in dispute because Watson testified four other vehicles yielded to Watson. Relying on sections 63-3-805 and 63-3-807, and
 
 Jones v. Carter,
 

 [1]
 

 the circuit court found Watson had no duty to yield the right of way to Smith. Thus, the circuit judge reasoned, as a matter of law, Watson owed no duty to Smith.
 

 ¶ 21. Smith argues the circuit court erred in finding Watson owed no duty because: (1) Watson owed a statutory duty under Mississippi Code Annotated section 63-3-903 (Rev.2004), which prohibits leaving a vehicle on a highway for an unreasonable amount of time; (2) a jury question exists whether Watson had the right-of-way under sections 63-3-805 and 807; and (3) Watson’s duty was not limited to ensuring he had the right-of-way at the beginning of his parking maneuver.
 

 ¶ 22. Regarding Smith’s first argument, Watson and Waggoners correctly point out section 63-3-903 only applies “outside of a business or residence district.” Miss.Code Ann. § 63-3-903(1);
 
 see Stong v. Freeman Truck Line, Inc.,
 
 456 So.2d 698, 704 (Miss.1984) (noting section 63-3-903 gives further requirements for standard of care when outside a business district). Although perhaps not as thriving as some business districts, the section of Highway 82 where Watson was parking was between two business. Thus, the circuit court committed no error in dismissing Smith’s claim Watson owed her a duty under this statute.
 

 ¶ 23. While we do not find Smith’s second argument dispositive, we do question the circuit court’s taking the “immediate hazard” question away from the jury. Whether an approaching vehicle presents an “immediate hazard” is a question of fact.
 
 See, e.g., Williams v. Weeks,
 
 268 So.2d 340, 341 (Miss.1972);
 
 Shivel v. Ferguson,
 
 259 So.2d 123, 125 (Miss.1972);
 
 Caves v. Smith,
 
 259 So.2d 688, 691 (Miss.1972);
 
 Bush Constr. Co. v. Walters,
 
 250 Miss. 384, 164 So.2d 900 (1964). Watson testified the entire parking maneuver took only ten seconds. Yet in that short time-frame, according to Watson, five cars approached the section of Highway 82 he was blocking. The fact four of those cars stopped does not itself necessitate a reasonable jury finding they presented no “immediate hazards.”
 

 ¶ 24. We find merit in Smith’s third argument. We agree that Smith need not prove a statutory violation to establish duty because Watson, like all drivers, owed a general common-law duty of reasonable care. Therefore, even if Watson had the right-of-way, according to sections 63-3-805 and -807, when he pulled out onto Highway 82, he still owed a duty of reasonable care during the entire parking maneuver.
 

 A. The Common-law Duty of Ordinary Care
 

 ¶ 25. First and foremost, Mississippi has never held statutory driving laws supplant the common-law duty of ordinary care.
 
 See Knapp v. Stanford,
 
 392 So.2d 196, 199 (Miss.1980) (holding the standard of care in car-wreck cases is the “proverbial question: What would a reasonably prudent person have done under the same or similar circumstances?”). Although this duty may be “further defined” by an applicable driving statute, our statutes do not replace or in any way supercede a motorist’s common-law “duty of exercising ordinary and reasonable care under the cir-
 
 *779
 
 cumstanees, to avoid injury to the person or property of another.”
 
 Ramage v. Kelly,
 
 253 Miss. 582, 586, 176 So.2d 324, 325-26 (1965). Rather, the “duty to exercise due care exists independently of any statutory regulations!)]”
 
 Cont’l S. Lines v. Klaas,
 
 217 Miss. 795, 823, 65 So.2d 575, 584 (1953);
 
 see Butler v. Ryder Truck Lines, Inc.,
 
 215 So.2d 707, 710 (Miss.1968) (holding that, even if the issue of violating a driving ordinance was not properly before jury, the jury was justified in finding the defendant driver “guilty of common law negligence in the backing of his automobile”).
 

 ¶ 26. In
 
 Klaas,
 
 the Mississippi Supreme Court rejected a bus driver’s argument that his only duty was to comply with applicable driving statutes.
 
 Klaas,
 
 217 Miss, at 822, 65 So.2d at 584. Instead, the court held “where the driver of a motor vehicle is actually negligent in bringing his motor vehicle to a stop partially on the paved and main traveled portion of the highway, the fact that he may [have complied with the statute] does not relieve him from liability for injuries proximately caused by his negligence.”
 
 Id.
 
 at 823, 65 So.2d at 584. Indeed, failure to prove violation of a statute merely prevents a finding of negligence per se.
 
 See, e.g., Thompson v. Rizzo Farms, Inc.,
 
 27 So.3d 452, 455 (¶ 6) (Miss.Ct.App.2009) (citing
 
 Thomas v. McDonald,
 
 667 So.2d 594, 596 (Miss.1995)).
 

 ¶ 27. We find the circuit court erred in determining the
 
 only
 
 duty Watson could have violated was his statutory duty to yield the right of way.
 

 B. No Indefinite Right of Way
 

 ¶ 28. Further, in finding Watson owed no duty under sections 63-3-805 and -807, the circuit court erroneously limited its focus to the moment Watson pulled out onto Highway 82. Yet Smith alleges it was Watson’s sustained presence in the highway — not his initial pulling out — that created the unreasonable dangerous condition that caused her injuries. The circuit court should have considered whether the
 
 entire
 
 parking maneuver created a foreseeable risk to approaching drivers.
 

 ¶ 29. Sections 63-3-805 and -807 only illustrate who has the right of way when a vehicle seeks to “enter or cross” a highway or intersection. Neither addresses the right of way in the context of a vehicle that crosses a highway, stops, throws it in reverse, and then backs out. Miss.Code Ann. § 63-3-807. With this in mind, we find sections 63-3-805 and -807 cannot be used to grant an indefinite right of way. Nor do they remove a duty to exercise reasonable care, particularly when a vehicle is executing a parking maneuver near midnight that blocks four lanes of a major highway.
 

 ¶ 30. Watson and Waggoners cite
 
 Jones v. Carter,
 
 which held section 63-3-805 “does not require the driver of a vehicle who has already entered onto an intersection with a through highway to yield the right-of-way to an approaching vehicle which has neither entered the intersection nor approached so closely thereto from said through highway as to constitute an immediate hazard.”
 
 Jones,
 
 192 Miss, at 609, 7 So.2d at 520. At most,
 
 Jones
 
 held that a driver acts reasonably when entering a highway when no vehicles are approaching. But neither
 
 Jones
 
 nor sections 63-3-805 and 63-3-807 squarely address the reasonableness of performing a parking maneuver in light of continual oncoming traffic.
 

 ¶ 31. The circuit court ignored the disputed amount of time Watson blocked Highway 82, finding it immaterial to whether Watson had a duty to Smith at the time he entered Highway 82. However, we find the duration and time of the maneuver goes to the reasonableness of
 
 *780
 
 Watson’s parking attempt. That Holloway and other vehicles stopped is a fact for the jury’s consideration when evaluating reasonableness, but it does not, as a matter of law, establish Watson owed no duty to Smith.
 

 ¶ 32. “[T]he important component of the existence of the duty is that the injury is ‘reasonably foreseeable[.]’ ”
 
 Rein v. Benchmark Const. Co.,
 
 865 So.2d 1134, 1143 (¶29) (Miss.2004) (quoting
 
 Lyle v. Mladinich,
 
 584 So.2d 397, 399 (Miss.1991)). Viewing the evidence in Smith’s favor, as we must, we find it reasonably foreseeable that, even if no cars presented an “immediate hazard” when Watson pulled out, other cars would likely approach Watson’s tractor-trailer during the three to five minutes Holloway’s husband testified it took Watson to park. Counting Smith’s vehicle, at least five did.
 

 ¶ 33. The supreme court characterized a similar parking maneuver-backing a tractor — trailer across a highway into a loading dock — as “risking] the possibility of collision against the possibility of completing the dangerous turn within the few moments when the road appeared to be clear of traffic.”
 
 U.S. Indus., Inc. v. McClure Furniture Co. of Eupora,
 
 371 So.2d 391, 394 (Miss.1979). Because the possibility of a collision with approaching cars was foreseeable, we find Watson owed the approaching vehicles the duty of reasonable care.
 

 II. Comparative Negligence
 

 ¶34. “Mississippi is a pure comparative negligence state.”
 
 Coho Res., Inc. v. Chapman,
 
 913 So.2d 899, 911 (¶ 36) (Miss.2005) (citing Miss.Code Ann. § 11 — 7— 15 (Rev.2004)). “Where negligence by both parties is concurrent and contributes to injury, recovery is not barred[J”
 
 Id.
 
 (citing
 
 Burton ex. rel Bradford v. Barnett,
 
 615 So.2d 580, 582 (Miss.1993)). Instead, the plaintiffs recoverable damages are diminished by the proportion of her contributed negligence.
 
 Id.; see Tharp v. Bunge Corp.,
 
 641 So.2d 20, 24 (Miss.1994) (“Theoretically, if a plaintiff is ninety-nine (99%) percent negligent and the defendant is only one (1%) percent negligent, the plaintiff is still entitled to recover the one percent (1%) attributable to the negligence of the defendant.”). Thus, a plaintiff, like Smith, although likely highly negligent herself, may still recover from a defendant whose negligence contributed to her injuries.
 
 Chapman,
 
 913 So.2d at 911 (¶ 36) (citing
 
 Blackmon v. Payne,
 
 510 So.2d 483, 486 (Miss.1987)).
 

 ¶ 35. Both negligence and contributory negligence are questions for the jury.
 
 Up-church ex. rel. Upchurch v. Rotenberry,
 
 761 So.2d 199, 204 (¶21) (Miss.2000) (quoting Miss.Code Ann. § 11-7-17 (Supp.1999)). And under Mississippi’s comparative-negligence doctrine, juries are permitted to consider whether “negligence by both parties is concurrent and contributes to injury[.]”
 
 Chapman,
 
 913 So.2d at 911 (¶ 36).
 

 ¶ 36. We find the circuit court improperly resolved triable issues of causation by finding Smith’s speeding — which it determined was an undisputed fact — and her testimony that she did not see Holloway’s vehicle proved Smith was the
 
 sole
 
 proximate cause of her injuries. Although computer data showed Smith was traveling at fifty-seven miles per hour in a forty-five mile-per-hour zone, Smith disputed she was speeding.
 
 See Butler,
 
 749 So.2d at 326 (¶ 49) (finding it is the jury’s role to resolve disputed testimony). Smith did not contest the fact she failed to see Holloway and hit her brakes in time to avoid the collision. But she did dispute
 
 why
 
 this was so, claiming poor visibility and the insufficient warning measures by Watson.
 
 See Duckworth v. Warren,
 
 10 So.3d 433,
 
 *781
 
 439 (¶ 16) (Miss.2009) (finding summary judgment was error because “[e]ven some of the undisputed facts before this Court are susceptible to more than one interpretation” and, therefore, must be submitted to the jury for resolution).
 

 ¶ 37. Even assuming Smith’s speeding was undisputed, the circuit court erred in deciding as a matter of law her speeding was the
 
 sole
 
 proximate cause of her injuries. In
 
 Anderson v. Eagle Motor Lines, Inc.,
 
 423 F.2d 81, 83 (5th Cir.1970), the United States Court of Appeals for the Fifth Circuit, applying Mississippi law, affirmed a jury’s verdict against a truck driver who blocked both lanes of a highway while performing a three-point turn before dawn. The driver of the approaching car was speeding and did not brake before crashing into the stopped truck.
 
 Id.
 
 at 82. The Fifth Circuit held that “even if the jury accepted [the defendant truck driver’s] version of the accident and found that Anderson was contributorily negligent in speeding or failing to slow down or to do anything to avoid the accident, there would be no inconsistency” in finding the truck driver was the sole proximate cause of the accident by negligently “blocking a heavily traveled state highway, with a dangerously long rig, at a time in the early morning when visibility was limited.”
 
 Id.
 
 at 83. This was because “issues of negligence and contributory negligence are particularly susceptible of jury determination.”
 
 Id. See also K.M. Leasing, Inc. v. Butler ex. rel. Butler,
 
 749 So.2d 310, 326 (¶ 49) (Miss.Ct.App.1999) (finding evidence that plaintiff did not apply his breaks until right before impact did not prevent reasonable jury from finding defendant truck driver was negligent).
 

 ¶ 38. Evidence of Smith’s speeding and her failure to brake sooner, along with her alleged violation of Mississippi Code Annotated section 63-3-619(1) (Rev.2004), which prohibits tailgating, are facts for the jury to consider when determining whether Watson and/or Smith were negligent and, if so, in what proportion.
 
 See Spears v. Miss. Power & Light Co., Inc.,
 
 562 So.2d 107, 109 (Miss.1990) (reversing a directed verdict for the defendant, finding “whether the plaintiff was negligent and the extent of his negligence is also a question which ought to have been submitted to the jury”). This evidence does not, however, at the summary-judgment stage, take away the question of Watson’s comparative negligence from the jury.
 

 ¶ 39. Applying the comparative-negligence doctrine, we find a reasonable jury could potentially find Watson’s alleged acts caused or contributed to Smith’s injuries. Therefore, the circuit court erred in (1) taking away the issue of proximate cause from the jury and (2) finding evidence of Smith’s speeding proved Smith was the sole proximate cause of her injuries.
 

 CONCLUSION
 

 ¶ 40. We cannot say that no reasonable juror could find Watson was at least minimally contributorily negligent to Smith’s injuries. Contrary to the circuit court’s holding, Watson owed Smith the duty of reasonable care. And the jury must consider whether Watson’s performing a parking maneuver across Highway 82 late at night was unreasonable, given the length of time it took; the number, speed, and proximity of approaching cars; and the visibility of his truck. Of course, the jury must also consider Smith’s actions and assess whether she negligently contributed to her injuries. In the event both parties are deemed negligent, damages should be assessed proportionately. We reverse the award of summary judgment in favor of Watson and Waggoners and remand this case to the circuit court.
 

 
 *782
 
 ¶ 41. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND RUSSELL, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 .
 
 Jones v. Carter,
 
 192 Miss. 603, 609, 7 So.2d 519, 520 (1942).